Original

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Mark F. Coleman,

    Plaintiff,

-VS-

United States Department of Probation
For the Eastern District of New York,
Tony Garoppolo, Chief U.S. Probation Officer;
Trevor Reid, Senior U.S. Probation Officer;

United States Department of Probation
For the District of Columbia, South Carolina,
Cecile N. Makhuli-Magee, U.S. Probation
Officer; James R. Parks, Supervising U.S.
Probation Officer;

Brooklyn Community Correction Center,
Jack A. Brown, Vice President; Tyree
Ackies, Case Manage; Mr. Sylvester,
Investigation Specialist.

    Defendants.

Civil Rights Violation Complaint
Pursuant to 42 U.S.C. § 1983.



CV 07 3797

GLEESON, J.

Civil Action No.

BLOOM, M.J.

RECEIVED
AUG 0 8 2007
PRO SE OFFICE

This action is brought pursuant to 42 U.S.C. § 1983. "Section 1983

creates no substantive rights [but] …only a procedure for redress

for the deprivation of rights established elsewhere." Sykes v.

James, 13 F.3d 515, 519 (2nd Cir. 1993), cert denied, 512 U.S.

1240 (1994) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808,

816 (1985)). In order to maintain a section 1983 action, a plaintiff

must allege not only that "the conduct complained of ... [was]

committed by a person acting under color of state law," but also

that "the conduct complained of ... deprived a person of rights,

privileges or immunities secured by the Constitution or laws

United States." Pitchell v. Callan, 13 F.3d 545, 547 (2nd Cir.

1994)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled

on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)).

## FIRST CAUSE OF ACTION

The first cause of action in this complaint is that defendants James R. Parks

And Cecile N. Makhuli-Magee acted with negligence and great disregard for

the rights of plaintiff in supplying the sentencing court misinformation in the

pre-sentence report (herein after the 'PSI'). That is, defendants Parks and

Makhuli-Magee knew no federal grand jury ever charged plaintiff with

violating the federal drug statue of 21 U.S.C. 841(b)(1)(A) as alleged in the

PSI submitted to the sentencing court. See Exhibit "A", cover and first page

of grand jury indictment of July 9, 1996, which does not charge any

violation of 21 U.S.C. §841(b)(1)(A). Therefore, defendants Parks and

Makhuli-Magee knew individually and together, the statutory provisions

count one at paragraph # 63, of the PSI which states: "a term of at least five

(5) years supervised release is required if a sentence of imprisonment is

imposed, pursuant to 21 U.S.C. § 841(b)(1)(A)." "No more than five (5)

years supervised release is authorized for this class A felony, 18 USC §

3583(b)." See Exhibit "B", paragraph # 63 of PSI.

Defendant Parks and Makhuli-Magee knew this information was false and

misleading. Because the Fourth Circuit court of appeals had held the

defendants in the case of U.S. v. Feurtado, were convicted on count one of

the indictment of violating 21 U.S.C. §§ 841(b)(1)(C), which has a

maximum term of three (3) years of supervised release. Please see exhibit

"C", opinion from U.S. Court of Appeals for the Fourth Circuit. Thus, their

conduct violated plaintiff's constitutional right to due process of law.

## SECOND CAUSE OF ACTION

The second cause of action in this complaint is that the conduct of

defendants Parks and Makhuli-Magee is causing plaintiff to serve

an otherwise expired term of supervised release. That is, but for the

negligence of the defendants, plaintiff would be free from any

3

terms and conditions imposed by the United States department of probation. Because plaintiff has fully served his term of imprisonment and term of supervised release, the defendants are illegally detaining plaintiff against his will, in that plaintiff is being punished for a crime he was not charged with committing.

## THIRD CAUSE OF ACTION

The third cause of action in this complaint is that defendants Reid and Garoppolo, are acting in excess of their lawful jurisdiction as U.S. probation officers. That is, their continued supervision of plaintiff violates plaintiffs right to be free from "illegal confinement" and "false imprisonment." Specifically, because plaintiff has fully served his term of imprisonment and term of supervised release, the current supervision, restricted movement based on the terms and conditions of supervised release and confinement in the community corrections center all exceeds the jurisdiction of the U.S. department of probation. This is because plaintiff has fully served the maximum term of supervised release

authorized by the crime for which he was indicted and pled guilty.

Please see exhibit "C", opinion from the U.S. Court of Appeals for

the Fourth Circuit stating count one charged a violation of 21

U.S.C. §§ 841(b)(1)(C), which has a maximum three (3) year term

of supervised release.

## FOURTH CAUSE OF ACTION

The fourth cause of action in this complaint is that defendant Jack

A. Brown, is currently holding plaintiff under illegal

confinement/false imprisonment. Additionally, defendant Jack A.

Brown, Tyree Ackies and Sylvester is "extorting" plaintiff for 25%

of his gross pay to live under such illegal

confinement/imprisonment without court order or lawful authority,

defendants Brown, Ackies and Sylvester are acting together in  the

extorting of plaintiff. See exhibit "D" note from case manager

Ackies stating plaintiff can not leave the facility because payment

is due. Defendant Ackies thereafter wrote plaintiff a "shot" for

failure to make a payment. See exhibit "E". These defendants

acting individually and together are violating plaintiffs rights to

due process of law, because plaintiff has fully served his term of supervised release. Please refer to exhibit "C", pointing out plaintiff is convicted of violating 21 U.S.C. §§ 841(b)(1)(C), which has a three (3) year term of supervised release. That term expired June 28, 2007. Thus, these defendants have no lawful jurisdiction over plaintiff, nor any legal right to demand money from plaintiff.

## FIFTH CAUSE OF ACTION

The fifth cause of action in this complaint is that, all of the defendants named in this complaint acting together and individually, are violating plaintiff's constitutional right to due process of law. That is, their negligence is forcing plaintiff to serve a sentence that has fully expired. The continued punishment by all listed defendants violates plaintiff's constitutional rights. That is, plaintiff is being punished for a crime that he did not commit, nor has any federal grand jury charged any such crime as alleged by the defendants, to wit: a violation of 21 U.S.C. § 841(b)(1)(A).

## RELIEF SOUGHT

6

Plaintiff seeks the following relief for the continued violations of his constitutional rights by the herein listed defendants;

    a. the sum of $1,000,000 (one million dollars) in compensatory and punitive damages from defendants Parks and Makhuli-Magee, for their negligence and violations of plaintiff's rights to due process of law.

    b. The sum of $1,000,000 (one million dollars) in compensatory and punitive damages from defendants Garoppolo and Reid, for their negligence and violations of plaintiff's rights to due process of law.

    c. The sum of $2,000,000 (two million dollars) in compensatory and punitive damages from defendant Brown, for his negligence and violations of plaintiff's rights to due process of law.

    d. The sum of $2, 000,000 (two million dollars) in compensatory and punitive damages from defendant Ackies, for her negligence in the handling of plaintiff's case and

paper work, and demanding money in exchange for movement to and from the facility.

e. The sum of $2,000,000 (two million dollars) in compensatory and punitive damages from defendant Sylvester for his negligence in imposing punishment on plaintiff for not making any payment to the facility.

Plaintiff further seeks the sum of $ 10,000,000 (ten million dollars) in exemplary damages from the defendants as a whole and together based on their wanton and reckless conduct. That is, these defendant know or should have known plaintiff has fully served his term of supervised release and therefore none of the defendant have lawful authority to take any action against plaintiff, nor do these defendant have any lawful jurisdiction to continue to impose punishment upon plaintiff. Plaintiff, prays the court grant any and all further relief deemed to be just and proper.

Respectfully,

Mack F Coleman

8

Mark F. Coleman, pro-se
115 – 45 173rd Street
Jamaica, N.Y. 11434

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO. 3:96-325 |
| | )      21 U.S.C. § 846 |
| v. | )      21 U.S.C. § 848 |
| | )      21 U.S.C. § 841(a)(1) |
| ANTHONY FEURTADO, | )      21 U.S.C. § 853 |
|     a/k/a "Tony Feurtado", | )      18 U.S.C. § 1956(a)(1)(A)(i) |
|     a/k/a "Anthony Paul", | )      18 U.S.C. § 1956(a)(1)(B)(i) |
|     a/k/a "Anthony Greene", | )      18 U.S.C. § 1957 |
|     a/k/a "Anthony Brown", | )      18 U.S.C. § 1503(a) |
|     a/k/a "Ginzo", | )      18 U.S.C. § 751(a) |
|     a/k/a "Gap", | )      18 U.S.C. § 2 |
|     a/k/a "Pretty Tony", | ) |
| ISABEL AYALA, | ) |
|     a/k/a "Elizabeth Ayala", | ) |
|     a/k/a "Lisa", | ) |
|     a/k/a "Luzmila Ayala", | ) |
| GERALD BOOKER, | ) |
|     a/k/a "Buggs", | ) |
|     a/k/a "Gerald Smith", | ) |
|     a/k/a "Rufus Vair", | ) |
| MARK DAVIS, | ) |
|     a/k/a "Mark Coleman", | ) |
|     a/k/a "Mark Johnson", | ) |
|     a/k/a "Wakim", | ) |
|     a/k/a "Y-Kim", | ) |
| KENDALL FEURTADO, | ) |
|     a/k/a "Kendall George" | ) |
|     a/k/a "Unc", | ) |
| LANCE FEURTADO, | ) |
|     a/k/a "Desman Smith", | ) |
|     a/k/a "Lawrence Jones", | ) |
|     a/k/a "Pie", | ) |
|     a/k/a "Desmond Smith", | ) |
| WILLIE GLOVER, | ) |
|     a/k/a "Jerry Glover", | ) |
| SHELDON JONES, | ) |
| ERIK THOMAS, | ) |
|     a/k/a "Scarface" | )      SUPERSEDING INDICTMENT |
|     a/k/a "Eric Thompson" | ) |

I

COUNT 1

THE GRAND JURY CHARGES.

That beginning from on or about a date unknown to the Grand Jury, but beginning at least from early 1989 and continuing thereafter up to and including the date of this indictment, in the District of South Carolina and elsewhere, the defendants, ANTHONY FEURTADO, a/k/a "Tony Feurtado", a/k/a "Anthony Paul", a/k/a "Anthony Greene", a/k/a "Anthony Brown", a/k/a "Ginzo", a/k/a "Gap", a/k/a "Pretty Tony", ISABEL AYALA, a/k/a "Elizabeth Ayala", a/k/a "Lisa", a/k/a "Luzmila Ayala", GERALD BOOKER, a/k/a "Buggs", a/k/a "Gerald Smith", a/k/a "Rufus Vair", MARK DAVIS, a/k/a "Mark Coleman", a/k/a "Mark Johnson", a/k/a "Wakim", a/k/a "Y-Kim", KENDALL FEURTADO, a/k/a "Kendall George" a/k/a "Unc", LANCE FEURTADO, a/k/a "Desman Smith", a/k/a "Lawrence Jones", a/k/a "Pie", a/k/a "Desmond Smith", WILLIE GLOVER, a/k/a "Jerry Glover", SHELDON JONES, and ERIK THOMAS, a/k/a "Scarface", a/k/a "Eric Thompson", did knowingly and intentionally combine, conspire, confederate and agree together and have tacit understanding with each other and with various other persons, both known and unknown to the Grand Jury, to unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), Schedule II controlled substances, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

2

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | PRESENTENCE INVESTIGATION REPORT |
| ) | |
| Mark Davis ) | Docket No. 3:96-325 |

---

**Prepared For:**    Honorable Sol Blatt, Jr.
Senior United States District Judge

**Prepared By:**    Cecile N. Makhuli-Magee
United States Probation Officer
Phone (803) 253-3806

**Assistant U.S. Attorney**                 **Defense Counsel**
Kelly E. Shackelford                          Brett Salley, Jr. (Appointed)
Cameron G. Chandler                         220 East Main Street
1441 Main Street, Suite 500                 Lexington, South Carolina
Columbia, South Carolina 29201              (803)356-5000
803/929-3000

**Sentence Date:**        To be set by the Court

**Offense:**    Count One:    Conspiracy to Possess With the Intent to Distribute and
Distribution of Cocaine and Cocaine Base, Schedule II Controlled
Substances, and Heroin, a Schedule I Controlled Substance, Title
21, USC § 841(a)(1), 841(b)(1)(A) and 846, 10 years to life,
$4,000,000 fine, 5 years supervised release, a Class {A} felony

Count Five:    Laundering of Monetary Instruments, Title 18 § 1956(a)(1)(A)(i)
20 years, $500,000 fine, 3 years supervised release, a Class {C}
Felony.

**Release Status:**    The defendant was arrested on September 19, 1995. He appeared
before the Honorable United States Magistrate Judge Joseph R.
McCrorey on September 20, 1995 for his initial appearance at
which time he was ordered detained. The defendant is currently
being held at the Lexington County Detention Center, Lexington,
South Carolina

**Detainers:**        None.

61.    **Guideline Provisions:** Based on the fact that he is a career offender, the defendant has a criminal history category of VI. In addition, because the offense statutory maximum is life, his offense level is 37. With a total offense level of 37 and Criminal History Category of VI, the guideline range for imprisonment is 360 months to life.

### Impact of the Plea Agreement

62.    Based on the stipulated sentence of 15 years in the plea agreement, this defendant's custody exposure was greatly reduced. At a Criminal History Category of VI and a total offense level of 37, the guideline range is 360 months to life.

### Supervised Release

63.    **Statutory Provisions Count One:** A term of at least five (5) years supervised release is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. § 841(b)(1)(A). No more than five (5) years supervised release is authorized for this Class A Felony, .18 USC § 3583(b).

64.    **Statutory Provisions Count Five:** If a term of imprisonment is imposed, the court may impose a term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

65.    **Counts One and Five: Guideline Provisions:** The guideline range for a term of supervised release is five years pursuant to U.S.S.G. § 5D1.2(b)(2).

### Probation

66.    **Statutory Provisions Count One:** The defendant is not eligible for probation because the instant offense is a class A felony, pursuant to 18 U.S.C. § 3561(a)(1).

67.    **Statutory Provision Count Five:** The defendant is not eligible for probation pursuant to 18 USC § 3561(a)(1)(3).

68.    **Guideline Provisions Counts One and Five:** The defendant is not eligible for probation because the instant offense is a class A felony, pursuant to U.S.S.G. § 5B1.1(b)(1).

### Fine

69.    **Statutory Provisions:** The maximum fine for Count One is $4,000,000 pursuant to 21 USC § 841(a)(1) and 841(b)(1)(A). The maximum fine for Count Five is $500,000 pursuant to 18 USC § 1956(a)(1)(A)(i) for a total fine of $4,500,000.

# EXHIBIT C

◄Return to Full

# LexisNexis™ Academic

**UNITED STATES** OF AMERICA, Plaintiff-Appellee, v. ANTHONY **FEURTADO,** Defendant-Appellant. **UNITED STATES** OF AMERICA, Plaintiff-Appellee, v. ANTHONY **FEURTADO,** Defendant-Appellant.

No. 00-4015, No. 00-4672

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

39 Fed. Appx. 812; 2002 U.S. App. LEXIS 3459

January 14, 2002, Submitted
March 5, 2002, Decided

**NOTICE:** [**1] RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Writ of certiorari denied: Feurtado v. United States, 2002 U.S. LEXIS 7346 (U.S. Oct. 7, 2002). Writ of certiorari denied: Feurtado v. United States, 2002 U.S. LEXIS 7990 (U.S. Oct. 21, 2002).
Writ of certiorari denied Feurtado v. United States, 537 U.S. 940, 123 S. Ct. 42, 154 L. Ed. 2d 246, 2002 U.S. LEXIS 7346 (2002)
Writ of certiorari denied Feurtado v. United States, 537 U.S. 986, 123 S. Ct. 462, 154 L. Ed. 2d 352, 2002 U.S. LEXIS 7990 (2002)
Subsequent civil proceeding at, Summary judgment granted, in part, summary judgment denied, in part by, Claim dismissed by Feurtado v. Gillespie, 2005 U.S. Dist. LEXIS 30310 (E.D.N.Y., Nov. 17, 2005)
US Supreme Court certiorari denied by Feurtado v. United States, 546 U.S. 1048, 126 S. Ct. 773, 163 L. Ed. 2d 599, 2005 U.S. LEXIS 8831 (2005)
Post-conviction proceeding at United States v. Feurtado, 2007 U.S. App. LEXIS 16345 (4th Cir. S.C., July 10, 2007)

**PRIOR HISTORY:** Appeals from the United States District Court for the District of South Carolina, at Columbia. Solomon Blatt, Jr., Senior District Judge. (CR-96-325, CR-95-669).
United States v. Feurtado, 29 Fed. Appx. 106, 2002 U.S. App. LEXIS 194 (4th Cir. S.C., 2002)

**DISPOSITION:** Affirmed.

**COUNSEL:** Robert A. Ratliff, Mobile, Alabama; R. Jeanese Cabrera, Bridgeport, Connecticut, for Appellant.

J. Strom Thurmond, Jr., United States Attorney, Mark C. Moore, Assistant United States Attorney, Ann Agnew Cupp, Columbia, South Carolina, for Appellee.

**JUDGES:** Before WIDENER, NIEMEYER, and KING, Circuit Judges.

**OPINION**

[*813] **PER CURIAM:**

In 1997, Anthony Feurtado pled guilty to one count of conspiracy to possess with intent to distribute and to distribute crack cocaine and one count of money laundering. In these consolidated appeals, Anthony Feurtado appeals the amended judgment of conviction entered after this Court vacated the sentence and remanded to the district court for further proceedings and the district court's denial of his motion for relief from judgment. On appeal, this court remanded the case, stating:

> the district court may, in its discretion, *see Moore v. United States*, 592 F.2d 753, 756 (4th Cir. 1979), [**2] accept the respective plea agreement of an individual defendant and resentence the defendant so that the sentence of imprisonment plus the statutory five year period of supervised release does not exceed the actual term of imprisonment stated in the plea agreement. In the alternative, the district court may reject the plea agreement and allow the defendant to with draw his guilty plea and plead again.

*United States v. Feurtado*, 191 F.3d 420, 428 (4th Cir. 1999). The court closed by [*814] stating "on remand the district court, at its option," may either impose a sentence in accordance with the sentence in the plea agreement or allow the defendants to withdraw the pleas and plead again. *Id.* at 429. On remand, the district court sentenced Feurtado to 210 months' imprisonment and 5 years' supervised release, in accordance with this court's mandate and the terms of the plea agreement. On appeal, Feurtado claims: (1) the district court erred by not permitting him to withdraw his guilty plea; (2) the district court lacked jurisdiction because the indictment did not include a drug quantity; (3) the guilty plea was not voluntary because the indictment did [**3] not include a drug quantity; and (4) the venue for the money laundering charge was not proper. Feurtado has filed motions in each appeal to file a pro se supplemental brief and a pro se supplemental brief. We grant the motion but find the issues raised in the brief to be without merit. Finding no reversible error, we affirm.

We find the district court did not abuse its discretion by sentencing Feurtado in accordance to the terms of the plea agreement and the mandate. Because Feurtado was sentenced below the statutory maximum term of imprisonment authorized under 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2001), the district court's imposition of a sentence was within its jurisdiction. *United States v. Dinnall*, 269 F.3d 418, 423 (4th Cir. 2001) (district court not acting in excess of its jurisdiction if sentence for a crack cocaine conspiracy offense in which the indictment did not charge a drug quantity does not exceed twenty years' imprisonment).

We find Feurtado's guilty plea was knowing and voluntary. Feurtado pled guilty to conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C.A. §§ 841 (a)(1) [**4] & 846 (West 1999 & Supp. 2001). He was sentenced to a term of imprisonment below the statutory maximum of § 841(b)(1)(C) and in accordance with the terms of the plea agreement. Accordingly, Feurtado was sentenced in accordance to the crime for which he was indicted and pled guilty. Thus, there was no error. *See Dinnall*, 269 F.3d at 423 n.3.

Feurtado claims venue on the money laundering charge was improper because all conduct concerning that charge occurred in California. We find this issue waived because it was not preserved in the district court or raised during the first appeal. *See United States v. Stewart*, 256 F.3d 231 (4th Cir. 2001), *cert. denied,* U.S. , 151 L. Ed. 2d 553, 122 S. Ct. 633, 2001 WL 1283457 (U.S. 2001); *United States v. Santiesteban*, 825 F.2d 779, 783 (4th Cir. 1987).

Accordingly, we affirm the amended judgment of conviction. · We grant Feurtado's motions to file a

# EXHIBIT D

Coleman Mat.
Please See Ms Ackies
* Bi Weekly Due.   7/10/07   Prior to
* Payment Due.              Leaving the
                            facility



# EXHIBIT E

BP-S205.073

**INCIDENT REPORT (CCC'S)**
CDFRM-2 MAR 94
**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

## Part I – Incident

| 1. Name of Center | | | |
|---|---|---|---|
| | **BROOKLYN COMMUNITY CORRECTIONS CENTER** | | |

| 2. Name of Inmate<br>Coleman, Mark | 3. Register Number<br>16024-056 | 4. Date of Incident<br>07/23/07 | 5. Time<br>4:40 p.m |
|---|---|---|---|

| 6. Place of Incident<br>B.K.C.C.C | 7. Assignment<br>Probation | 8. Quarters<br>407 | |
|---|---|---|---|

| 9. Incident<br>Violating a condition of a community program | 10. Code<br>309 |
|---|---|

18. Description of Incident (Date __07/23/07__ and Time __4:40 pm__ Staff became aware of incident.)-

Resident Coleman, Mark reg. # 16024-056 has failed to pay subsistence for the following pay

date, July 20th, 2007 and to submit a pay stub for the aforementioned date. Resident Coleman,

Mark reg. # 16024-056 signed the community base program agreement on June 13th, 2007,

agreeing to pay subsistence. He also signed the intake process orientation checklist

acknowledging that a copy of the BCCC handbook was received on June 13th, 2007. The BkCCC

handbook discusses financial responsibility – subsistence on page 9.40

| 19. signature of Reporting Employee | 20. Printed Name & Title<br>Ms. Ackies<br>Senior Case Manager | 13a. Date/Time<br>07-23-07<br>4: 45 a.m |
|---|---|---|
| 20. Incident Report Delivered to Inmate By | 21. Printed Name & Title<br>S/S MONROE WOODS | 22. Date/Time Delivered<br>7/23/07  11:50 PM |

(Continued next page)

**INCIDENT REPORT (CCC'S)**
CDFRM-2 MAR 94

BP-S205.073